**Anjelia SARIAN–ANJELIA, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 00–70757.

BIA A75–480–831.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided April 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,* District Judge.

### MEMORANDUM**

Anjelia Sarian petitions for review of the Board of Immigration Appeals' denial of her claim for asylum and withholding of deportation. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002); *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination " 'must be supported by a specific, cogent reason.' " *de Leon–Barrios*, 116 F.3d at 393 (citation omitted); *see also Gui*, 280 F.3d at 1225; *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir.1999).

Here Sarian's claim failed because the BIA determined that she was not credible.[1] We are unable to say that the BIA's determination was not supported by the evidence in the record. Sarian's testimony showed deep and central inconsistencies when compared to her application. They went to the very heart of her claim. *See de Leon–Barrios*, 116 F.3d at 394. For example, the evidence regarding her ethnic and religious background was conflicting.[2] More importantly, her testimony before the IJ about the wrongs to which she was allegedly subjected bore faint resemblance to the descriptions in her application.

On this record, we cannot say that "no reasonable factfinder could fail to find" her credible. *Elias–Zacarias*, 502 U.S. at 484, 112 S.Ct. at 817. Thus, the BIA could properly determine that she was not entitled to asylum.[3]

Petition DENIED.

---

* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. There is a firefight over whether we should solely look at the very words of the BIA's opinion, or whether we should look to those of the IJ. We are satisfied that the BIA ruled de novo and that it both used its own words and incorporated those of the IJ. Thus, we will look at both. *See Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000); *see also Gui*, 280 F.3d at 1225; *de Leon–Barrios*, 116 F.3d at 393; *Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995).

2. While Sarian makes a heroic effort to explain the conflicts away, suffice it to say that the BIA did not have to read the record in her now preferred manner.

3. Because Sarian did not meet the requirements for eligibility for asylum, she was not entitled to withholding of deportation either. *See Ghaly*, 58 F.3d at 1429.